UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                                          Case No. 18-20802

Robert Nimocks                                   Sean F. Cox
                                                          United States District Court Judge

      Defendant/Petitioner.
_____/

**OPINION & ORDER**
**DENYING MOTION UNDER 28 U.S.C. § 2255**
**AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Defendant/Petitioner Robert Nimocks ("Nimocks") pleaded guilty to conspiracy to

distribute controlled substances in violation of 21 U.S.C. § 846 and was sentenced to a term of 120

months of imprisonment. (ECF No. 137). He did not file a direct appeal. Nimocks filed the instant

motion seeking to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (ECF No.

187). Nimocks asserts that he received ineffective assistance of counsel. The matter is ripe for a

decision by the Court. For the reasons set forth below, the Court shall DENY Nimocks' motion

and decline to issue a certificate of appealability.

**BACKGROUND**

Nimocks was charged by a grand jury with one count of conspiracy to distribute controlled

substances in violation of 21 U.S.C. § 846; one count of possession with intent to distribute

controlled substances in violation of 21 U.S.C. § 841 and aiding and abetting in violation of 18

U.S.C. § 2; and one count of possession of a firearm in furtherance of a drug trafficking crime in

violation of 18 U.S.C. § 924(c). (ECF No. 100). Nimocks was represented by appointed counsel, attorney Steven E. Scharg with the Federal Defender Office.

Pursuant to a Rule 11 Plea Agreement (ECF No. 186), Nimocks pleaded guilty to Count One of the First Superseding Indictment, which charged him with conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. In exchange, the Government agreed to dismiss Count Two (possession with intent to distribute controlled substances) and Count Three (possession of a firearm in furtherance of a drug trafficking crime). (ECF No. 186, at PageID 972).

The Rule 11 Plea Agreement contained an appeal waiver, which provided that "defendant waives any right he may have to appeal his conviction on any grounds." (ECF No. 186, at PageID 973). But the "waiver does not bar filing a claim of ineffective assistance of counsel in court." (ECF No. 186, at PageID 973).

Nimocks entered his guilty plea on July 10, 2019. (*See* ECF No. 191, Transcript of Plea Hearing held on 07/10/2019).  At his plea hearing, Nimocks confirmed – *under oath and on the record* – that he had reviewed the Indictment with his attorney, Mr. Scharg, and that his attorney had answered each and every question he had concerning it. Nimocks confirmed that he was aware of the charges and his sentencing exposure.  Nimocks confirmed that he had carefully reviewed the Rule 11 Plea Agreement and the attached sentencing guideline worksheets with his attorney, Mr. Scharg. Furthermore, Nimocks testified that Mr. Scharg had answered each and every question regarding the Rule 11 Plea Agreement and the attached sentencing guideline worksheets before Nimocks signed it, and that Nimocks was satisfied with the representation that he had received from Mr. Scharg.  (*See* ECF No. 191).

This Court later accepted the Rule 11 Agreement, and sentenced Nimocks to be imprisoned for a term of 120 months, the mandatory minimum. (ECF No. 174). The Judgement was issued on November 5, 2019. (ECF No. 137). Nimocks did not file a direct appeal.

On January 13, 2021, Nimocks filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, asserting that his trial counsel provided ineffective assistance to him during the plea and sentencing process. (ECF No. 187). The thrust of Nimocks' argument is that after being advised by counsel, Nimocks believed that he would be eligible to be considered for RDAP, but he recently learned that the two-point firearm enhancement on the sentencing guidelines disqualified him from RDAP at the time of his plea and sentencing. (ECF No. 187, at PageID 987). Nimocks moves the Court "to strike the two-point enhancement and/or conduct a hearing to challenge same and present testimony regarding the advice afforded relating to his eligibility for the RDAP program." (ECF No. 187, at PageID 990). However, as this motion has been fully briefed by the parties, the Court does not find that an evidentiary hearing is necessary.

The Government filed a brief in opposition to Nimocks' motion. (ECF No 192). In support of their response brief, the Government attached an affidavit from Nimock's counsel, Mr. Scharg. (ECF No. 192-1) The docket reflects that Nimocks did not file a reply brief and the deadline given for filing one (3/16/21) has long passed.

**ANALYSIS**

Nimocks' motion to vacate is brought pursuant to 28 U.S.C. § 2255, which provides as follows:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

move the court which imposed the sentence to vacate, set aside, or correct the sentence.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 Fed. App'x 73, 76 (6th Cir. 2003).

Nimocks' motion to vacate contains just one ground for relief – that he received ineffective assistance of counsel in violation of his constitutional rights.

"[P]roving ineffective assistance of counsel 'is *never* an easy task.'" *Carter v. Parris*, 910 F.3d 835, 838 (6th Cir. 2018) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). To show that he was denied his right to effective assistance, Nimocks must demonstrate two things: (1) that his counsel's performance was deficient; *and* (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To establish deficient performance, the defendant must show that "counsel's representation fell below the objective standard of reasonableness." *Lint,* 542 F. App'x at 475 (citing *Strickland*, 466 U.S. at 688). Judicial scrutiny of counsel's performance is highly deferential, and this Court must apply the strong presumption that counsel's representation fell within the wide range of reasonable professional conduct. *Lint,* 542 F. App'x at 475-76 (citing *Strickland*, 466 U.S. at 689).

4

"Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Thus, Nimocks must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Bell v. Cone*, 535 U.S. 685, 698 (2002) (citation and internal quotations omitted).

To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The likelihood of a different result "must be substantial, not just conceivable." *Lint*, 542 F. App'x at 476 (citing *Harrington v. Richter*, 131 S.Ct. 770, 792 (2011)).

Here, Nimocks "asserts that trial counsel was ineffective for failing to properly advise him of the ramifications associated with the firearm enhancement and/or by failing to object to the enhancement as promised." (ECF No. 187, at PageID 988). Specifically, he "does not now challenge his 10-year sentence but, instead, asserts that he believed based upon the representations of his counsel, that he would be able to serve less than 10 years if he successfully completed the RDAP Program." (ECF No. 187, at PageID 988). Based on this alleged misunderstanding, Nimocks "requests that this Court strike the two-point enhancement and/or permit the Defendant to more fully argue for removal of same[.]" (ECF No. 187, at PageID 988). Nimocks does not claim that he would not have plead guilty or insisted on going to trial if not for this alleged misunderstanding. Nimocks did not file an affidavit or declaration in support of his motion.

**Failing to Object**

Nimocks argues that Mr. Scharg was ineffective because he failed to object to the firearm enhancement "as promised." (ECF No. 187, at PageID 988). However, this claim *conflicts with*

*his own sworn testimony during his plea hearing* on July 10, 2019, which shows that Nimocks did

not expect Mr. Scharg to object to the firearm enhancement at the plea hearing. At the plea hearing,

Nimocks confirmed that he reviewed the Rule 11 Plea Agreement and the attached sentencing

guideline worksheets before he signed them:

> THE COURT: Before you signed the document, did you read the document as well as the attached worksheets, which are Worksheet A, which consists of one page, Worksheet B, which consists of one page, Worksheet C, which consists of two pages, as well as Worksheet D, which consists of four pages?
>
> DEFENDANT NIMOCKS: Yes, Your Honor.
>
> THE COURT: **Before you signed Exhibit One, did you review Exhibit One, the Rule 11 Agreement, as well as the attached worksheets, with Mr. Scharg?**
>
> DEFENDANT NIMOCKS: **Yes, Your Honor.**
>
> THE COURT: Before you signed Exhibit One, did Mr. Scharg answer each and every question that you had regarding anything contained in the Rule 11 agreement, as well as the attached worksheets?
>
> DEFENDANT NIMOCKS: Yes, Your Honor.
>
> THE COURT: Do you have any questions at all regarding anything contained in the Rule 11 agreement, as well as the attached worksheets?
>
> DEFENDANT NIMOCKS: No, Your Honor.
>
> THE COURT: And has Mr. Scharg answered each and every question that you've had regarding your case?
>
> DEFENDANT NIMOCKS: Yes, Your Honor.
>
> THE COURT: **Are you satisfied with the advice and service that Mr. Scharg has provided to you in your case?**
>
> DEFENDANT NIMOCKS: **Yes, Your Honor.**

(ECF No. 191, at PageID 1008-1009). The Court also read aloud the factual basis listed in the Rule

11 Plea Agreement, and Nimocks testified that it was true and accurate. (ECF No. 191, at PageID

1012). *See Baker v. United States*, 781 F.2d 85 (6th Cir. 1986) ("where the court has scrupulously

followed the required procedure [of a Rule 11 plea hearing], the defendant is bound by his statements in response to the court's inquiry.").

Furthermore, Mr. Scharg testified that "Defendant was fully aware that he would be given the two level enhancement prior to entering his guilty plea." (ECF No. 192-1, at PageID 1043).

Nimocks had the opportunity to raise any concerns regarding the two-point enhancement with the Court, but he failed to do so. Instead, Nimocks confirmed that he reviewed the Rule 11 Plea Agreement and the attached sentencing guideline worksheets and that he was satisfied with Mr. Scharg's representation. Therefore, in considering the first prong of *Strickland*, the Court does not find that Mr. Scharg's representation fell below an objective standard of reasonableness.

As to the second prong of *Strickland*, the Court does not find that Nimocks was prejudiced by Mr. Scharg's representation. *Strickland*, 466 U.S. at 694. To the contrary, Nimocks received a benefit by entering into the Rule 11 Plea Agreement: the Government dismissed two counts, one of which carried a mandatory minimum term of 60-month consecutive, mandatory minimum term in prison. (ECF No. 119, at PageID 390). Whether the firearm enhancement was applied or not, Nimocks would still be required to serve 10 years in prison as a result of the mandatory minimum of pleading guilty to conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846.

**Failing to Advise**

Nimocks also argues that Mr. Scharg was ineffective by failing to advise him of the ramifications associated with the firearm enhancement, specifically about his eligibility for the RDAP program. (ECF No. 187, at PageID 988). Nimocks asserts that "he believed, based upon the representations of counsel, that he would be able to serve less than 10 years if he successfully completed the RDAP Program." (ECF No. 187, at PageID 988).

However, Nimocks' assertions *conflict with his own sworn testimony during his plea hearing* on July 10, 2019.  At the plea hearing, Nimocks testified that he read the Rule 11 Plea Agreement and the attached sentencing guideline worksheets, which indicate that he would have a statutory minimum of 120 months imprisonment. (ECF No. 191, at PageID 1008). Nimocks also testified that Mr. Scharg explained the significance of the guidelines in sentencing to him. (ECF No. 191, at PageID 1013).  Nimocks specifically testified that he understood that there would be a mandatory minimum of ten years in his sentence:

> THE COURT: Okay. And again, do you understand that you are not safety-valve eligible, therefore, there will be a mandatory minimum of ten years in your sentence? Do you understand that?
>
> DEFENDANT NIMOCKS: Yes, Your Honor.

(ECF No. 191, at PageID 1013). Additionally, Nimocks' assertions also conflict with Mr. Scharg's sworn statements:

> Defendant was fully advised that even though Defendant did not have a conviction for the 924(c) violation, he still might not get the RDAP program due to the facts of the case and the two level enhancement for having a weapon in his vehicle.

(ECF No. 192-1, at PageID 1043). The record reflects that Nimocks knew that the Court could only recommend the RDAP program and the Bureau of Prisons had the discretion to determine whether he would be admitted into its RDAP program at the time of sentencing.

> MR. SCHARG: We respectfully ask if you could recommend Milan Correction facility.
>
> THE COURT: I'll do that.
>
> MR. SCHARG: As well as the RDAP program.
>
> THE COURT: Definitely.
>
> . . .

> THE COURT: Again, it is further recommended that you be designated to Milan, and as well participate in the RDAP, the program, the comprehensive drug treatment program at Milan.

(ECF No. 174, at PageID 873, 879).

His assertions about his alleged misunderstanding do not entitle him to an evidentiary hearing or any relief on his § 2255 motion. *See Baker v. United States*, 781 F.2d 85 (6th Cir. 1986) ("where the court has scrupulously followed the required procedure [of a Rule 11 plea hearing], the defendant is bound by his statements in response to the court's inquiry."; *Montante v. United States*, 2020 WL 4607575 (6th Cir. 2020) (affirming district court's denial of § 2255 motion, without an evidentiary hearing, where the petitioner's assertions conflicted with his own sworn testimony during his plea colloquy.).

In addition, to prevail on his § 2255 motion, Nimocks "had to prove that, but for the allegedly bad advice, he would not have taken the plea deal." *Montante, supra*, at *2. Nimocks does not claim he would not have plead or insisted on going to trial. Instead, Nimocks "desires to be a candidate for the [RDAP] program and for the corresponding sentence reduction." (ECF No. 187, at PageID 990). However, as stated previously, Nimocks plead guilty to an offense that carried a minimum 10-year term of imprisonment. The Court sentenced him to no more than that minimum term. Mr. Scharg asked the Court to recommend the RDAP program, and the Court complied. (ECF No. 873, 879). The result would be no different if he were resentenced. It is not within this Court's discretion to admit Nimocks into the RDAP program or to give him a reduction in his period of custody as an incentive for his participation. *United States v. Howard*, 2011 WL 3739059 (E.D. KY 2011) (citing *Lopez v. Davis*, 531 U.S. 230, 240-245 (2001)).

9

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that Nimocks' § 2255 motion is DENIED.

It is FURTHER ORDERED that the Court declines to issue a certificate of appealability because this Court concludes that reasonable jurists would not find the Court's assessment of Nimocks' claims debatable or wrong.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 27, 2021